IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ABEIAH GIWA,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL VIDEO MONITORING CO., LLC, D/B/A EYEQ MONITORING,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff Abeiah Giwa ("Plaintiff" or "Ms. Giwa"), by and through undersigned counsel, and files her Complaint against Defendant National Video Monitoring Co., LLC, D/B/A EyeQ Monitoring ("Defendant"), and shows the Court as follows:

### NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and other appropriate relief for gender discrimination, equal pay violations, and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 216(b); 29 U.S.C. §,626(c)(1) and 42 U.S.C. § 2000e-5(f)(3).

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia, and all the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is a foreign limited liability company licensed to conduct business in this district.

6.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District

7.

Defendant is now and, at all times relevant hereto, has been a company engaged in an industry affecting commerce. During each week of twenty (20) or more weeks of one or more years, in which the conduct complained of herein occurred, as well as the preceding year, Defendant employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served by delivering a copy of the summons and complaint to its corporate Registered Agent, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, GA 30046.

**ADMINISTRATIVE PROCEDURES**

9.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about October 8, 2021.

10.

The EEOC issued the Notice of Right to sue on July 14, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

11.

This action is being commenced within 90 days of the receipt of the Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

12.

Defendants are now, and at all times relevant hereto, have been employers subject to Title VII.

13.

Plaintiff began working for Defendant in February 2021 and was hired on full time in May 2021 as a Supervisor.

14.

Two male employees who were under Plaintiff's supervision, Dustyn Kuffler and Noah Russell, stated that they did not like being supervised by a woman.

15.

On August 8, 2021, while watching the U.S. v. Brazil women's volleyball game, Mr. Kuffler stated that it should be easy for the U.S. When Ms. Giwa asked him why, he responded, "well because the Brazil's team has such fat asses it will be hard for them to jump off the ground."

16.

As a result of this comment, Ms. Giwa issues Mr. Kuffler a written warning on August 12, 2021.

17.

Ms. Giwa further reported to her manager, Wellington Kwaku, that Mr. Kuffler and Mr. Russell did not like being supervised by a woman.

18.

On August 23, 2021, Defendant terminated Ms. Giwa.

19.

Defendant claimed that Ms. Giwa did not "fit the culture" and mentioned that people were uncomfortable with her as a supervisor when terminating her.

20.

Prior to her termination, Ms. Giwa was never told there was an issue with her job performance.

21.

The only people who expressed discomfort with Ms. Giwa being their supervisor were Mr. Kuffler and Mr. Russell, who stated only that they did not like being supervised by a woman.

22.

In fact, Ms. Giwa was told that she was to be promoted as of August 30, 2021.

23.

It was only after Ms. Giwa informed Defendant of the sexist statements of Mr. Kuffler and Mr. Russell that Defendant ratified their sexist conduct by terminating her employment and replacing her with Noah Russell, one of the two men who had expressed opposition to being supervised by a woman.

24.

Noah Russell was selected to replace Plaintiff as a supervisor.

25.

Noah Russell is male.

26.

Noah Russell is believed by Defendant to be male.

27.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext for sex discrimination.

28.

Others outside the Plaintiff's protected class, i.e. male employees, were treated more favorably, in that they were not terminated.

## CLAIMS FOR RELIEF

### COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

29.

Plaintiff re-alleges paragraphs one through twenty-eight (1 – 28) as if set forth fully herein.

30.

Defendant's action in terminating Plaintiff based on her gender constitutes unlawful discrimination on the basis of sex in violation of Title VII.

31.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

32.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex.

33.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

34.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

35.

Plaintiff re-alleges paragraphs one through twenty-eight (1 – 28) as if set forth fully herein.

36.

Plaintiff's complaints about discriminatory statements by co-workers constituted conduct protected under Title VII.

37.

Defendant's act in terminating Plaintiff's employment because of her complaints of discrimination constitutes unlawful retaliation in violation of Title VII.

38.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

39.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

40.

Defendant willfully and wantonly disregarded Plaintiff's rights, and their actions toward Plaintiff were undertaken in bad faith.

41.

Defendant is therefore liable for damages caused proximately resulting from its retaliation against Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 3rd day of October, 2022.

                **BARRETT & FARAHANY**

                s/ *Matthew C. Billips*
                Matthew C. Billips
                Georgia Bar No. 057110
                Catherine A. Gavrilidis
                Georgia Bar No. 565343

*Attorneys for Abeiah Giwa*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
catherine@justiceatwork.com